UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN DOE, a minor, by his Guardian Ad Litem, KATHRYN CLARK,<br><br>           Plaintiff,<br><br>     v.<br><br>SACRAMENTO DEPARTMENT OF HEALTH AND HUMAN SERVICES-CHILD PROTECTIVE SERVICES OF SACRAMENTO COUNTY, et al.,<br><br>           Defendants. | Case No. 2:11-CV-01767 JAM-JFM<br><br>ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS |

This matter is before the Court upon Defendants County of Sacramento and Ann Edwards' (collectively "Defendants") Motion to Dismiss For Failure to State A Claim (Doc. #20). Plaintiff John Doe ("Plaintiff") opposes the motion (Doc. #23). Defendants filed a reply (Doc. #24).

   I.   FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND

This action originated when Plaintiff filed a complaint with this Court on July 5, 2011 (Doc. #1). Plaintiff then filed an amended complaint (the "Amended Complaint") (Doc. #13) on August 26, 2011, which Defendants now seek to partially dismiss. The

Amended Complaint names Sacramento Department of Health and Human Services-Child Protective Services of Sacramento County and Ann Edwards, the director of that department, as defendants. The Amended Complaint also asserts claims against multiple Doe defendants.

The allegations in the Amended Complaint concern injuries allegedly sustained by Plaintiff when he was in the care of Non-relative Extended Family Members ("NREFMs"). Plaintiff was declared a dependent child of Sacramento County Juvenile Court in January, 2009. Plaintiff was placed with two different caregivers before he was placed with NREFMs Fernando Ramirez and Lace Robinson ("Ramirez/Robinson"). The placement with the NREFMs was in an apartment, not a single family home.

Plaintiff alleges that Defendants failed to ensure that his placement with the NREFMs was safe because Defendants apply lower safety standards for apartment placements and placements with NRFEMs. Plaintiff alleges that Defendants did not properly ensure that the Ramirez/Robinson home met federal and state health and safety standards. Plaintiff also alleges that Defendants failed to conduct proper background checks on Robinson and Ramirez. Plaintiff alleges that there was no effort to ensure that the water temperature in the Ramirez/Robinson home was regulated to avoid burns to young children.

In early July, 2009, Plaintiff alleges that he sustained second degree burns to 12% of his body when he was left unattended in the bathtub. The burns were allegedly to his groin, scrotum, buttocks, posterior trunk, and lower abdominal wall. Plaintiff was hospitalized after the incident. Plaintiff alleges that he suffers

2

from permanent physical and psychological injuries as a result of the incident.

Plaintiff alleges that he would not have been injured if Defendants had ensured that the water temperature was properly regulated prior to placing Plaintiff in the home. Further, Plaintiff alleges that the injuries would not have been sustained if Defendants had properly investigated the NREFMs's backgrounds.

Plaintiff asserts claims pursuant to 42 U.S.C. § 1983 and attorney's fees pursuant to 42 U.S.C. § 1988. Plaintiff's Amended Complaint also references several state laws that were allegedly violated by Defendants. This Court has jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. § 1331 and jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

## II. OPINION

### A. Legal Standard

#### 1. Motion to Dismiss

A party may move to dismiss an action for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). In considering a motion to dismiss, the court must accept the allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds by Davis v. Scherer, 468 U.S. 183 (1984); Cruz v. Beto, 405 U.S. 319, 322 (1972). Assertions that are mere "legal conclusions," however, are not entitled to the assumption of truth. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009) (citing Bell Atl. Corp. v. Twombly,

550 U.S. 544, 555 (2007)). To survive a motion to dismiss, a plaintiff needs to plead "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. Dismissal is appropriate where the plaintiff fails to state a claim supportable by a cognizable legal theory. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

Upon granting a motion to dismiss for failure to state a claim, the court has discretion to allow leave to amend the complaint pursuant to Federal Rule of Civil Procedure 15(a). "Dismissal with prejudice and without leave to amend is not appropriate unless it is clear . . . that the complaint could not be saved by amendment." Eminence Capital, L.L.C. v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003).

B. Discussion

1. Defendant Ann Edwards

Defendants seek dismissal of all claims against Defendant Ann Edwards ("Defendant Edwards") because she is sued only in her official capacity as the director of a county agency, and as such, the suit is in actuality against the County of Sacramento, the governmental entity that employs her. Plaintiff does not dispute that Defendant Edwards is sued in her official capacity, but argues that the suit should proceed against her on a Monell theory of liability.

When officials of a public entity are sued in their official capacity, it is not a suit against the official, but rather a suit against the entity itself. Brandon v. Holt, 469 U.S. 464, 471-72 (1985). Monell liability attaches to a municipality such as a city or county when constitutional deprivations occur as a result of a

4

governmental custom or formal policy. <u>Monell v. Dep't of Soc. Servs. of N.Y.</u>, 436 U.S. 658, 690-91 (1978).

In this case, Defendant Edwards is sued in her official capacity, which amounts to a suit against the County of Sacramento under <u>Brandon</u>. Plaintiff's argument that discovery under a <u>Monell</u> theory of liability should proceed is not without merit, but it is inapplicable to the present situation. Allowing discovery on a <u>Monell</u> theory to proceed against Defendant Edwards is the same as permitting it to proceed against the County. Therefore, Defendant Edwards' inclusion in this lawsuit is duplicative of the County's insofar as her liability is predicated upon a <u>Monell</u> theory of liability. The Amended Complaint contains no allegations that indicate that Defendant Edwards is liable on any other theory of liability under § 1983 or otherwise, and she is therefore dismissed from this action. It is clear that further amendment would be futile and, therefore, the dismissal is with prejudice.

2. <u>Plaintiff's 14th Amendment Substantive Due Process Claim</u>

Plaintiff generally claims that as a dependent child of the County of Sacramento, he may assert a claim under the 14th Amendment for his alleged injuries. Defendants do not seek to dismiss his 14th Amendment substantive due process claim in their motion, and accordingly, this claim is not dismissed and will proceed.

3. <u>Plaintiff's Eighth Amendment Claim</u>

The Amended Complaint seeks damages for the imposition of cruel and unusual punishment in violation of the Eighth Amendment to the U.S. Constitution. Defendants argue that this claim is

inadequately pled because the Eighth Amendment only applies post-conviction.  Plaintiff agrees that this claim is not appropriate given the allegations in the Amended Complaint.  Accordingly, Plaintiff's Eighth Amendment claim is dismissed with prejudice.

    4. <u>Plaintiff's State Law Claims</u>

  Defendants move to dismiss any state law tort claims in the Amended Complaint on the grounds that state law presentment prerequisites were not met pursuant to the California Government Tort Claims Act.  Plaintiff responds that state law cannot place presentment requirements upon a federal 42 U.S.C. § 1983 cause of action.

  Plaintiff does not respond to the substance of Defendants' argument, but instead argues that insofar as his claims are based on 42 U.S.C. § 1983, they cannot be burdened by additional state law requirements.  The Court interprets Plaintiff's argument as an admission that the Amended Complaint does not contain separate or distinct tort claims under state law, and no such claims were intended.  Accordingly, any state law tort claim predicated solely on liability arising from a state law cause of action is dismissed with prejudice and Plaintiff is barred from any recovery under California law.

    5. <u>Plaintiff's Equal Protection Claim</u>

  Plaintiff's final claim is for denial of the equal protection guaranteed by the 14th Amendment to the U.S. Constitution. Plaintiff argues that he is a member of three suspect classes: (1) a dependent child of a governmental entity, (2) a dependent child placed with NREFMs, and (3) a dependent child placed in an apartment.  Plaintiff further argues that he was denied the equal

protection of the laws in comparison with non-dependent children. Plaintiff also argues that Defendants denied him equal protection of the laws as a dependent child placed with NREFMs as compared to dependent children not placed with NREFMs. Finally, Plaintiff asserts that he was denied equal protection by Defendants when compared to dependent children placed in single family homes rather than apartments. Defendants seek to dismiss this claim on the grounds that Plaintiff makes no allegation in the Amended Complaint that he was treated differently because he was a member of a suspect class.

The "Equal Protection Clause of the Fourteenth Amendment commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike." City of Cleburne v. Cleburne Living Ctr, Inc. 473 U.S. 432, 439 (1985) (internal citations omitted). Generally, state action is valid under the Equal Protection Clause so long as it is rationally related to a legitimate state interest. Id. When a suspect class is implicated by state action, however, a higher level of scrutiny is used to determine if the Equal Protection Clause is violated. Id. To state such a claim, a plaintiff "must show that the defendant acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class." T.A. ex rel. Amador v. McSwain Union Elementary Sch. Dist., 2009 WL 1748793, at *8 (E.D. Cal. Jan. 18, 2009). A plaintiff may satisfy this showing by alleging four separate elements: (1) that the defendants treated plaintiff differently from others similarly situated; (2) this unequal

7

treatment was based on an impermissible classification; (3) the defendants acted with discriminatory intent in applying this classification; and (4) plaintiff suffered injury as a result of the discriminatory classification.  Id.

The Amended Complaint clearly alleges that Plaintiff, as both a dependent child placed with NREFMs and as a dependent child placed in an apartment, was treated differently from those dependent children who were respectively placed with related family members and those placed in single family homes.  The Amended Complaint also alleges that Plaintiff suffered injury.  The claim can then proceed only if (1) Plaintiff alleges that he was a member of a suspect classification and Defendants intentionally treated him unequally on that basis, or in the absence of a suspect classification (2) Plaintiff alleges that Defendants treated Plaintiff differently from others similarly situated without a rational basis founded in a legitimate state interest.

(a)   Suspect Classification

A suspect classification is one that is "more likely than others to reflect deep-seated prejudice rather than legislative rationality in pursuit of some legitimate objective." Plyler v. Doe, 457 U.S. 202, 218 n.14 (1982).  Such classes have, as a historical matter, often been subject to discrimination; they may exhibit immutable characteristics that identify them as a member of a particular group; or they may be a politically powerless minority.  Lyng v. Castillo, 477 U.S. 635, 638 (1986) (citing Massachusetts Board of Retirement v. Murgia, 427 U.S. 307, 313-314, 96 S. Ct. 2562, 2566-2567, 49 L.Ed.2d 520 (1976)).

In this case, the Amended Complaint is devoid of allegations

to support a finding that Plaintiff is a member of a suspect classification. While it is clearly alleged that Plaintiff received certain treatment based on his placement with NREFMs and in an apartment, there is simply no basis upon which the Court can find that it was due to his membership in a suspect class. Further, there are no grounds in the Amended Complaint upon which the Court can find that dependent children placed with NREFMs or in apartment buildings constitute a suspect class. Accordingly, Plaintiff has not stated an equal protection claim based on membership in a suspect class.

          (b)   <u>Plaintiffs Claim and Rational Basis Review</u>

    Defendants argue that this claim should be dismissed because it was the NREFMs who were treated differently based on state classification, not Plaintiff. Plaintiff responds that Defendants treated him differently based on his placement with NREFMs and in an apartment.

    The Court finds that Plaintiff clearly alleges that he was placed in an unsafe home because Defendants do not ensure the same level of safety for those placed with NREFMs or in apartments as they do for those placed in single family homes or with close relatives, pursuant to their customary practices or policies. Amended Compl., at 5. At this stage it is not proper for the Court to determine whether or not the alleged practices of Defendants actually pass a rational basis review. First of all, at the motion to dismiss stage, the Court is required to accept the allegations as true. Secondly, Defendants have not yet had the opportunity to deny the allegations or even proffer a legitimate state interest for a two-class safety policy for dependent children, if they

indeed adhere to one.  If Plaintiff, however, is able to prove that the County arbitrarily and without basis provides lower levels of safety to individuals in Plaintiff's position, such state action would be prohibited by the 14th Amendment.  <u>Schweiker v. Wilson</u>, 450 U.S. 221, 230 (1981) (state action that creates a classification must, at the minimum, be rationally related to a legitimate state interest.).

The Court's holding is supported by the Ninth Circuit's holding in <u>Fajardo v. Cnty. of L.A.</u>  179 F.3d 698 (9th Cir. 1999). In that case, the Ninth Circuit found that the Plaintiffs had stated a claim pursuant to the equal protection clause by alleging that a sheriff gave priority to non-domestic violence 911 calls over domestic violence related calls.  The classification created by state-action was not related to a suspect class, but the <u>Fajardo</u> court ruled that if there was no rational basis upon which the distinction between the classes was made by the sheriff, it was constitutionally impermissible.  <u>Id.</u> at 701.  The <u>Fajardo</u> 911 call classification is directly analogous to the classification alleged in this case.

Accordingly, the Court denies Defendants' motion to dismiss Plaintiff's Equal Protection Claim.

### III. ORDER

After careful review of all of the documents filed in support of and in opposition to this motion, the Court rules as follows:

1. All claims against Defendant Ann Edwards in her official capacity are dismissed without leave to amend;

2. Plaintiff's Eighth Amendment claim is dismissed without

```
 1  leave to amend;
 2       3.   Plaintiff's state law tort claims are dismissed without
 3  leave to amend; and
 4       4.   Defendants' motion to dismiss Plaintiff's Equal
 5  Protection claim is denied.
 6    Defendants must file an answer to the Amended Complaint within 20
 7  days of this order.
 8       IT IS SO ORDERED.
 9  Dated: March 9, 2012                    _____
10                                          JOHN A. MENDEZ,
                                            UNITED STATES DISTRICT JUDGE
```